IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **BRADLEY LANE-LOCKETT,** : | |
| : | |
| Plaintiff, : | |
| : | NO. 5:12-CV-515-HL-MSH |
| VS. : | |
| : | |
| **PEACH COUNTY SHERIFF'S** : | |
| **OFFICE, et. al.,** | |
| : | |
| Defendants. : | |

**ORDER ON MOTION FOR RECONSIDERATION**

Currently before the Court is Plaintiff Bradley Lane-Lockett's Motion for Reconsideration (ECF No. 9) of the Court's Order (ECF No. 5) dismissing the present case prior to service.

Plaintiff's Complaint alleges that Peach County officials have refused to return seized property despite his repeated requests that they do so. After conducting a preliminary screening the Complaint, pursuant to 28 U.S.C. 1915A(a), this Court found that, because the state of Georgia provides a legal remedy for deprivation of property,[1] Defendants' alleged failure to return Plaintiff's property does not state a claim for relief under federal law – regardless of whether the deprivation was due to the negligence of state officials or whether it was intentional and malicious. See Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir.1991) ("Because [plaintiff] has had access to an adequate post-deprivation remedy, no procedural due process violation occurred, whether or not [defendants] ever initiated forfeiture proceedings). See also, Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct.

---

[1] "The state of Georgia has created a civil cause of action for the wrongful conversion of personal property. See O.C.G.A. § 51-10-1 (1982). 'This statutory provision covers the unauthorized seizure of personal property by police officers. Therefore, the state has provided an adequate post-deprivation remedy when a plaintiff claims that the state has retained his property without due process of law.'" Lindsey, 936 F.2d at 561 (quoting Byrd v. Stewart, 811 F.2d 554, 555 n. 1 (11th Cir.1987)).

662, 663, 88 L. Ed.2d 662 (1986) (addressing the negligent deprivation of property); Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984) (addressing the intentional deprivation of property).

Local Rule 7.6 contemplates motions like the one at bar but warns that "Motions for Reconsideration shall not be filed as a matter of routine practice." Such motions are only appropriate if the movant can show "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." Wallace v. Georgia Dep't of Transp., 7:04-CV-0078-HL, 2006 WL 1582409, * 2 (M.D. Ga. June 6, 2006) (citing McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222 23 (M.D.Ga.1997)).

Plaintiff's Motion fails to satisfy the requirements for reconsideration. See Wallace, 2006 WL 1582409 at *2. Plaintiff in fact appears to have misunderstood the Court's finding, as he now argues that reconsideration is warranted because the court erred in finding that he failed to state the relief he was seeking in his Complaint. Plaintiff's Complaint was not dismissed for failing to specify the relief sought. It was dismissed because his Complaint does not state a federal claim upon which relief may be granted. Nothing in the present Motion persuades the Court that this finding was erroneous or otherwise unjust.

Plaintiff Motion for Reconsideration is accordingly **DENIED.**

**SO ORDERED** this 1st day of March, 2013

*s/ Hugh Lawson*
HUGH LAWSON, Judge
UNITED STATES DISTRICT COURT

jlr